**SALSBURY STRINGER MCCULLEY, LLC**
Lindsey N. McCulley, Esq. (Fed. Bar #19170)
100 N. Charles Street, Suite 900
Baltimore, Maryland 21201
(443) 869-3920

**FRIEDMAN KAPLAN SEILER
 ADELMAN & ROBBINS LLP**
Timothy M. Haggerty (*pro hac vice* pending)
One Gateway Center, 25th Floor
Newark, NJ 07102-5311
(973) 877-6400

*Attorneys for Amici Curiae Legal Scholars*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

-------------------------------------------------------------------x
:
NATIONAL SHOOTING SPORTS FOUNDATION,  :
INC.                                  :
                                      :
                        Plaintiff,    :   No. 1:25-cv-01115-RDB
                                      :
        v.                            :
                                      :
ANTHONY G. BROWN, Attorney General of :
Maryland,                             :
                                      :
                        Defendant.    :
                                      :
-------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF**

The law professors identified in Appendix A (the "Legal Scholars") respectfully submit this memorandum of law in support of their motion for leave to file an *amici curiae* brief in support of defendant's opposition to plaintiff National Shooting Sports Foundation's motion for a preliminary injunction. Counsel for *amici curiae* has conferred with counsel for all parties, and all parties have indicated that they do not object to this application.

4888-6706-4451.1

**I.     The Legal Standard for a Motion for Leave to File an *Amici Curiae* Brief**

District courts have broad discretion to permit non-parties to participate in an action as *amici curiae*. *Bryant v. Better Bus. Bureau of Greater Maryland, Inc.*, 923 F. Supp. 720, 728 (D. Md. 1996) ("The decision to grant leave to proceed as amici at the trial court level is discretionary."). Accordingly, briefs by *amici curiae* are routinely accepted at the trial court level where, for example, "they provide helpful analysis of the law" or the *amici* "have a special interest in the subject matter of the suit." *Id.* (citations omitted); *see also Miller-Wohl Co. v. Comm'r of Labor & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982) (explaining "the classic role of amicus curiae by assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration"). "A motion for leave to file an *amicus curiae* brief, however, should not be granted unless the court deems the proffered information timely and useful." *Id.* (citations and internal quotation marks omitted).

**II.    *Amici Curiae*'s Expertise Will Assist in the Court's Consideration of Plaintiff's Motion for a Preliminary Injunction**

As explained in the proposed brief, the Legal Scholars, all of whom are independent of the parties to this action, are law professors and scholars who have a professional interest in the issues presented on this case. Based on their scholarship, the Legal Scholars are able to present learned perspectives on multiple issues relevant to the determination of plaintiff's motion for a preliminary injunction. In particular, the Legal Scholars have researched, studied, and taught in the areas of torts, statutory interpretation, constitutional law, and firearms regulation—all of which are implicated by the plaintiff's motion.

The Legal Scholars' proposed brief draws on these areas of scholarship to address important questions regarding the scope and application of the Protection of Lawful Commerce in Arms Act ("PLCAA"), 15 U.S.C. §§ 7901-7903. The principal authors of the proposed brief,

Professor Hillel Y. Levin and Professor Timothy D. Lytton,[1] are among the nation's leading scholars of PLCAA and recently authored a prominent article regarding the constitutional principles that inform the statute.  See Hillel Y. Levin & Timothy D. Lytton, *The Contours of Gun Industry Immunity: Separation of Powers, Federalism, and the Second Amendment*, 75 FL. L. REV. 833 (2023).[2] As Professors Levin and Lytton explain at length in their article, PLCAA has been misunderstood and misinterpreted by litigants, commentators, and some courts. Their scholarship—and the proposed brief that they submit with this motion—attempts to correct those interpretive errors and promote a uniform and correct interpretation of PLCAA.

The proposed brief will assist the Court in evaluating three issues implicated by plaintiff's motion for a preliminary injunction.

*First*, drawing on the Legal Scholars' expertise in statutory interpretation, the proposed brief demonstrates that Maryland's Gun Industry Accountability Act of 2024 ("HB947"), codified at Md. Code Ann., Cts. & Jud. Proc. §§ 3-2301 through 3-2304, unambiguously qualifies as a "predicate statute" according to the plain text of PLCAA.[3]

---

[1] Professor Levin is the Alex W. Smith Professor of Law at University of Georgia School of Law and Professor Lytton is a Regents' Professor and Professor of Law at Georgia State University College of Law.

[2] *Available at* https://www.floridalawreview.com/article/88788-the-contours-of-gun-industry-immunity-separation-of-powers-federalism-and-the-second-amendment.

[3] The predicate exception is codified at 15 U.S.C. § 7903(5)(A)(iii). Under the predicate exception, PLCAA does not preempt "an action in which a manufacturer or seller . . . knowingly violated a State or Federal statute applicable to the sale or marketing of the product, and the violation was a proximate cause of the harm for which relief is sought." *Id.* This provision is known as the "predicate exception" because it rests on a defendant's violation of an underlying, or "predicate," statute.

*Second*, drawing on the Legal Scholars' expertise in constitutional law, the proposed brief establishes that liability for violation of HB947 under PLCAA's predicate exception would be entirely consistent with PLCAA's overall structure. More specifically, the Legal Scholars explain that PLCAA establishes a statutory scheme that serves three constitutional principles: the individual right to keep and bear arms, the separation of powers, and federalism. Many courts and commentators—and the NSSF in this case—have misconstrued the structural relationship between these principles and the text of PLCAA's predicate exception.

*Third*, drawing on their expertise in tort law and statutory interpretation, the Legal Scholars refute the NSSF's argument that HB947 cannot serve as predicate statute because it imposes a general duty of care on firearms industry members to establish "reasonable controls" to prevent third-party misuse of its products. As the Legal Scholars explain, standards of conduct like the reasonable care standard imposed by HB 426 are susceptible to knowing violation and thus can be predicate statutes. This is confirmed by the Legal Scholars' careful analysis of the examples that Congress included in the predicate exception (15 U.S.C. § 7903(5)(A)(iii)(I) & (II)) as well as several of exceptions to PLCAA other than the predicate exception (15 U.S.C. § 7903(5)(A)(i)-(vi)).

Based on their expertise, scholarship, and experience in the fields of torts, statutory interpretation, constitutional law, and firearms regulation, the Legal Scholars meet the broad discretionary standard for filing an *amicus curiae* brief. As discussed above, their proposed brief will be useful to the Court because it addresses important issues regarding PLCAA's scope and application through the lens of the Legal Scholars' areas of scholarship and teaching. Moreover, the potential ramifications of this Court's interpretation of PLCAA go far beyond the parties, as several other states have enacted public nuisance laws like HB947, and a number of those laws

have been subject to challenge by the NSSF.[4] Indeed, the Legal Scholars have submitted unopposed *amici curiae* briefs to the Third Circuit, the United States District Court for the Eastern District of Washington, the United States District Court for the Southern District of California, and the United States District Court for the District of Hawaii raising similar arguments in connection with the NSSF's challenge to New Jersey's, Washington state's, California's, and Hawaii's public nuisance statutes. The Legal Scholars' proposed brief in this action therefore also aids the Court by ensuring that the same legal doctrines explained to the Third Circuit, the United States District Court for the Eastern District of Washington, the United States District Court for the Southern District of California, and the United States District Court for the District of Hawaii are also before the Court here, where the same federal statute (PLCAA) is under consideration.

In granting the Legal Scholars' motion for leave to file in the United States District Court for the Eastern District of Washington, the Court (the Hon. Mary K. Dimke, U.S.D.J.) found that "the proposed amici are subject-matter experts and their submissions on the record would aid the Court in reaching a just and correct decision in this case." ECF No. 50 in *NSSF v. Robert W. Ferguson, Att'y Gen. of the State of Wash.*, No. 23-cv-113 (E.D. Wash. June 8, 2023).

### III. Conclusion

For the foregoing reasons, the Legal Scholars' unopposed motion for leave to file an *amici curiae* brief should be granted.

---

[4] *See NSSF v. Kathy Jennings, Att'y Gen. of the State of Del.*, No. 22-cv-1499 (D. Del. filed 2022); *NSSF v. Matthew Platkin, Att'y Gen. of N.J.*, No. 22-cv-6646 (D.N.J. filed 2022), *appealed at* No. 23-1214 (3d Cir.); *NSSF v. Robert W. Ferguson, Att'y Gen. of the State of Wash.*, No. 23-cv-113 (E.D. Wash. filed 2023); *NSSF v. Rob Bonta, Att'y Gen of Cal.*, No. 23-cv-00945 (S.D. Cal. filed 2023).

Dated: May 21, 2025

Respectfully Submitted,

SALSBURY STRINGER MCCULLEY, LLC

*s/ Lindsey N. McCulley*
Lindsey N. McCulley, Esq. Fed. Bar #19170
100 N. Charles Street, Suite 900
Baltimore, Maryland 21201
P: 443-869-3920
F: 443-835-2678
lmcculley@ssm-lawyers.com

FRIEDMAN KAPLAN SEILER
 ADELMAN & ROBBINS LLP
Timothy M. Haggerty, Esq. (*pro hac vice* pending)
One Gateway Center, 25th Floor
Newark, NJ 07102-5311
(973) 877-6400
thaggerty@fklaw.com

*Attorneys for Amici Curiae Legal Scholars*

# APPENDIX A: LIST OF *AMICI CURIAE*

The *amici* listed below join this brief as individuals, not as representatives of their respective universities. Institutional affiliations are provided only for purposes of identification.

**Hillel Y. Levin**
Alex W. Smith Professor of Law
*University of Georgia*

**Joseph Blocher**
Lanty L. Smith '67 Distinguished Professor of Law
*Duke University*

**John J. Donohue III**
C. Wendell and Edith M. Carlsmith Professor of Law
*Stanford University*

**Nora Freeman Engstrom**
Ernest W. McFarland Professor of Law
*Stanford University*

**Michelle Bratcher Goodwin**
Linda D. & Timothy J. O'Neill Professor of Constitutional Law & Global Health Policy
*Georgetown University*

**Gregory C. Keating**
William T. Dalessi Professor of Law & Philosophy
*University of Southern California*

**Timothy D. Lytton**
Regents' Professor
*Georgia State University*

**Douglas Kysar**
Joseph M. Field '55 Professor of Law
*Yale University*

**Michael L. Rustad**
Thomas F. Lambert, Jr. Professor of Law
*Suffolk University Law School*

**Ani B. Satz**
Professor of Law & Public Health
*Emory University*

**Richard W. Wright**
University Distinguished Professor & Professor of Law Emeritus
*Chicago-Kent College of Law*

4888-6706-4451.1