IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NATIONAL SHOOTING SPORTS FOUNDATION, INC., | * | |
| | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Action No. RDB-25-1115 |
| | * | |
| ANTHONY G. BROWN, Attorney General of Maryland | * | |
| | * | |
| *Defendant*. | * | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

## MEMORANDUM ORDER

Presently pending before the Court are three Motions for Leave to File Amicus Briefs: (1) Motion for Leave to File *Amicus* Brief by *amici curiae* Mayor and City Council of Baltimore (ECF No. 18); (2) Motion for Leave to File *Amicus Curiae* Brief by *amici curiae* Legal Scholars (ECF No. 19); and (3) Motion for Leave to File *Amicus* brief by *amici curiae* Gun Violence Prevention Groups (ECF No. 21) (collectively, "*Amici Curiae* Motions"). The Court has reviewed these filings, and all parties, by counsel, have received due notice and have had the opportunity to be heard. For the reasons explained below, all three *Amici Curiae* Motions (ECF Nos. 18, 19, 21), are GRANTED.

The Federal Rules of Civil Procedure do not address motions for leave to appear as *amicus curiae* in a federal district court. District courts therefore have discretion to grant or deny such leave and often look for guidance to Federal Rule of Appellate Procedure 29, which applies to amicus briefs at the federal appellate level. *See Am. Humanist Ass'n v. Md.-Nat'l Cap. Park & Plan Comm'n*, 303 F.R.D. 266, 269 (D. Md. 2014) (citing *Jin v. Ministry of State Sec.*, 557

F. Supp. 2d 131, 136 (D.D.C. 2008); *Tafas v. Dudas*, 511 F. Supp. 2d 652, 660 (E.D. Va. 2007); *Bryant v. Better Bus. Bureau of Greater Md., Inc.*, 923 F. Supp. 720, 728 (D. Md. 1996); *Washington Gas Light Co. v. Prince George's Cnty. Council*, No. DKC 08-0967, 2012 U.S. Dist. LEXIS 31798, 2012 WL 832756, at *3 (D. Md. Mar. 9, 2012)).  Rule 29 indicates that amici should state the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case.  FED. R. APP. P. 29(b)(2).  The aid of *amici curiae* has been allowed at the trial level where they provide helpful analysis of the law, they have a special interest in the subject matter of the suit, or existing counsel is in need of assistance.  *Bryant*, 923 F. Supp. 728 (citing *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)).

Each of the proposed amicus briefs presently pending before this Court provides a helpful analysis of the law and cites a special interest in the subject matter of the suit.  In their Motion for Leave to File *Amicus Curiae* Brief (ECF No. 18), *amici curiae* Mayor and City Council of Baltimore argue that their "proposed brief will assist the Court in its consideration of the pending motion," by offering the perspective of an entity whose "immediate and future interests may be affected significantly by the outcome of the Court's decision on the motion for preliminary injunction."  (ECF No. 18 ¶¶ 5, 6.)  Similarly, *Amici Curiae* Legal Scholars argue that their brief will aid "in the Court's [c]onsideration of Plaintiff's Motion for a Preliminary Injunction" because they "have researched, studied, and taught in the areas of torts, statutory interpretation, constitutional law, and firearms regulation—all of which are implicated by the [P]laintiff's motion."  (ECF No. 19-1 at 2.)  Finally, Gun Violence Prevention Groups, which consists of "national non-profit gun violence prevention organizations" Everytown for Safety Support Fund, Brady Center to Prevent Gun Violence, and Giffords Law Center to Prevent

Gun Violence, asserts that its proposed *amicus curiae* brief will aid the Court in analyzing the preemption issue presented in this litigation, and particularly in determining the appropriate application of the Protection of Lawful Commerce in Arms Act ("PLCAA").[1]  (ECF No. 21 at 5.)  Both *amici curiae* Legal Scholars and Gun Violence Prevention Groups represent that the parties do not object to their respective motions.  *See* (ECF No. 19 at 2); (ECF No. 21 at 4).  Accordingly, each of the proposed amicus briefs may aid the court by providing a helpful analysis of the law or raising amici's special interest in the subject matter of the suit.  *See Bryant*, 923 F. Supp. 728 (citing *Waste Mgmt. of Pa., Inc.*, 162 F.R.D. at 36).

---

[1]  Under Local Rule 105.12(c), amicus briefs before this Court are not to exceed fifteen pages.  Gun Violence Prevention Groups' filing is 92 pages.  *See* (ECF No. 21-1.)  Nevertheless, their substantive proposed amicus brief is only fifteen pages, and remainder of the filing is comprised of exhibits.  *See* (*id.*)  Accordingly, their filing comports with Local Rule 105.12(c).

## CONCLUSION

For the reasons stated above, it is this 29th day of May, 2025, hereby ORDERED that:

1. Motion for Leave to File *Amicus* Brief by *amici curiae* Mayor and City Council of Baltimore (ECF No. 18) is GRANTED;

2. Amici Mayor and City Council of Baltimore are GRANTED LEAVE to appear and participate as *amici curiae* in this case;

3. Amici Mayor and City Council of Baltimore's proposed *amici curiae* brief (ECF No. 18-1) shall be FILED;

4. Motion for Leave to File *Amicus Curiae* Brief by *amici curiae* Legal Scholars (ECF No. 19) is GRANTED;

5. Amici Legal Scholars are GRANTED LEAVE to appear and participate as *amici curiae* in this case;

6. Amici Legal Scholars' proposed *amici curiae* brief (ECF No. 19-2) shall be FILED;

7. Motion for Leave to File *Amicus* brief by *amici curiae* Gun Violence Prevention Groups (ECF No. 21) is GRANTED;

8. Amici Gun Violence Prevention Groups is GRANTED LEAVE to appear and participate as *amici curiae* in this case;

9. Amici Gun Violence Prevention Groups' proposed *amici curiae* brief (ECF No. 21-1) shall be FILED;

10. The Clerk of this Court shall transmit a copy of this Memorandum Order to counsel of record in this matter.

/s/
_____
Richard D. Bennett
United States Senior District Judge

4